IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER JARMALL BAILEY,**

                Petitioner,

     v.                                                 CASE NO. 25-3221-JWL

**STATE OF KANSAS,**

                Respondent.

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Christopher Jarmall Bailey, a state prisoner incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. Petitioner's fee status is pending. The Court has conducted its initial review of the petition and it appears that this matter is subject to dismissal in its entirety for the reasons explained below. Petitioner will be granted time in which to show cause, in writing, why this matter should not be dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Court requires the Court to review a habeas petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In his petition, Petitioner identifies the judgment of conviction he challenges as resulting

from his 2011 convictions of two counts of attempted failure to register as a sex offender. (Doc. 1, p. 1.) The petition reflects that Petitioner did not appeal the convictions. *Id.* at 2-4. In the portion of the form petition for setting forth his "claim[s] that [he is] being held in violation of the Constitution, laws, or treaties of the United States," Petitioner does not identify constitutional or other federal rights he believes are violated by the 2011 judgment. *Id.* at 5. Rather, to the extent the asserted grounds for relief can be understood, Petitioner appears to seek relief not available in a federal habeas action.

In Ground One, Petitioner has written "Motion for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A). SW 2011 CR 118- (2x) Attempted Failure to Register As A Sex Offender – on January 31, 2011, in Seward County Liberal, KS – a level 7 person felonies are now Class B or C Misdemeanor citations for 1st Offense." *Id.* As supporting facts for Ground One, Petitioner states:

> Front desk laws and rules [at] Sedgwick County Offender Registration Unit in Wichita, KS 67203 on East Harry by Big Lots, Denny's and St. Joseph's hospital. Also, in 2023 KORA Kansas Offender Registration Act, even where an individual initials. I de-registered with Sedgwick County Offender Registration Unit April 4th, 2023 in Wichita, KS 67203 to register with Seward County Sheriff's Office April 4th, 2023 and signed. PV/CV April 5th 2023 for Misdemeanor Obstruction citation on 04/02/2023.

(Doc. 1, p. 5 (all errors in original).)

Even liberally construing this statement, the Court cannot determine the nature of Petitioner's asserted ground for relief or the Constitutional or federal right Petitioner believes was violated. If Petitioner seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), that statute "is a federal criminal statute and does not apply to prisoners sentenced in state courts under state law." *See Heide v. Kan. Dept. of Corr's*, 2024 WL 1406752, *7 (D. Kan. April 2, 2024) (unpublished) (collecting cases). Thus, because Petitioner is serving a sentence imposed by a state court for a violation of state law, this Court cannot grant Petitioner relief under 18 U.S.C. § 3582.

Additionally, Ground One is subject to dismissal because it fails to state a claim on which federal habeas relief can be granted. A federal "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This means that to state a valid claim for federal habeas relief from a state-court conviction, a petitioner must allege the violation of a federal right. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Even liberally construed, Ground One does not do so, nor does it allege facts that show the 2011 convictions violated a federal right.

Grounds Two, Three, and Four suffer the same deficiencies. In Ground Two, Petitioner refers to a motion to dismiss and a motion to introduce new evidence, neither of which are before this Court. (*See* Doc. 1, p. 6.) As supporting facts for Ground Two, Petitioner explains that he has a credit report issued March 2024 that bears an address in Liberal, Kansas and he advises the Court of the places he lived from October 2011 through November 2011. *Id.* In Ground Three, Petitioner asserts that he is "not on a Dual Registration" and he alleges facts that, if taken as true, show that he is only required to register under one sentence. *Id.* at 8. He also briefly refers to a desire to "remove" the two prison terms imposed in the 2011 state criminal case. *Id.* In Ground Four, Petitioner states: "Motions to vacate sentence pursuant to 28 U.S.C. § 2255." *Id.* at 9. As supporting facts for Ground Four, Petitioner asserts that his crime of conviction "is no longer a level 7 person felony for 1st offense but is a Class B or C Misdemeanor citation for 1st offense; 2nd offense level 6 person felony; 3rd and subsequent offenses—a level 3 person felony." *Id.*

As with Ground One, Grounds Two, Three, and Four fail to identify the federal right

3

Petitioner believes his 2011 convictions violated and they do not assert facts that show his convictions violated a federal right. Finally, to the extent that Petitioner seeks in Ground Four to vacate his sentence under 28 U.S.C. § 2255, the plain language of that statute limits its application to "[a] prisoner in custody under sentence of a court established by Act of Congress"—in other words, a prisoner in custody under sentence imposed by a federal district court. As a state prisoner in custody under sentence imposed by a state district court, Petitioner cannot obtain relief from his sentence under 28 U.S.C. § 2255. *See Crawford v. Schnurr*, 2025 WL 1334701, *1 n.2 (D. Kan. April 11, 2025) (unpublished) ("Since Petitioner is in state custody, he is not entitled to relief under § 2255.").

For all of these reasons, the Court finds that it plainly appears from the petition that Petitioner is not entitled to relief in this court. Therefore, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court requires the Court to dismiss this matter. The Court will grant Petitioner time, however, in which to show cause, in writing, why this matter should not be dismissed under Rule 4 for the reasons set forth in this order. If Petitioner fails to timely file a response, this matter will be dismissed without prejudice and without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **November 17, 2025**, to show cause, in writing, why this matter should not be dismissed under Rule 4 because it fails to state a claim on which habeas relief could be granted.

**IT IS SO ORDERED.**

DATED:  This 15th day of October, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge