IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER JARMALL BAILEY,**

                    **Petitioner,**

     v.                                                      **CASE NO. 25-3221-JWL**

**STATE OF KANSAS[1],**

                    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Christopher Jarmall Bailey, a state prisoner incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. Petitioner's fee status is pending. The Court conducted an initial review of the petition and concluded that this matter is subject to dismissal in its entirety. Thus, on October 15, 2025, the Court issued a notice and order to show cause ("NOSC"), identifying the deficiencies that left the petition subject to dismissal and giving Petitioner time in which to show cause why this matter should not be dismissed. (Doc. 4.) Petitioner has timely filed his response to the NOSC. (Doc. 5.) For the reasons explained below. Petitioner will be granted time in which to file a complete and proper amended petition in this matter and, if he fails to do so, this matter will be dismissed without prejudice and without further prior notice to Petitioner.

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

**Background**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Court requires the Court to review a habeas petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The petition submitted by Petitioner to begin this case identifies the judgment of conviction he challenges as resulting from his 2011 convictions of two counts of attempted failure to register as a sex offender. (Doc. 1, p. 1.) But in the portion of the form petition for setting forth his "claim[s] that [he is] being held in violation of the Constitution, laws, or treaties of the United States," Petitioner does not identify constitutional or other federal rights he believes are violated by the 2011 judgment, as required to obtain relief under 28 U.S.C. § 2254. (*See* Doc. 4, p. 2-4.) To the extent that the petition could be understood, Ground One appeared to seek a sentence reduction under 18 U.S.C. 3582(c)(1)(A) and Ground Four appeared to seek an order vacating Petitioner's sentences under 28 U.S.C. § 2255. *Id.* at 2-3. Neither of these statutes apply to Petitioner because he was sentenced in a state court under state law. *See id.* at 2-4. Thus, the Court issued the NOSC, explaining these deficiencies to Petitioner and giving him time to show cause why this matter should not be dismissed. *Id.* at 4.

In his response, Petitioner provides additional information and explanation of his asserted grounds for relief. He argues that Rule 4 does not require dismissal of this matter, citing the Due

Process Clause of the Fourteenth Amendment, other federal constitutional provisions, and Kansas state caselaw. (Doc. 5, p. 1-2.) He attempts to rebut the Court's statements that state prisoners cannot obtain relief under 18 U.S.C. § 3582(c)(1)(A) or 28 U.S.C. § 2255, citing Kansas state caselaw, statutes, and jury instructions. *Id.* at 2-3, 5-6. Petitioner also addresses Ground Two of his petition, arguing that he intended to assert a violation of the Fourteenth Amendment. *Id.* at 4. Similarly, he discusses his claims in Ground Three, clarifying that he asserts the violation of the federal constitutional prohibition against double jeopardy, which he also asserts with respect to Ground Four. *Id.* at 4-5.

The Court appreciates the clarification of Petitioner's grounds for relief. Even in light of the arguments in the response, however, the Court maintains its prior conclusions that Rule 4 applies to this matter and that, as a matter of law, Petitioner may not obtain relief under 18 U.S.C. § 3582(c)(1)(A) or 28 U.S.C. § 2255. Petitioner's discussion of the Constitutional violations he intended to assert in his petition, though, have convinced the Court to allow Petitioner the opportunity to file an amended petition that complies with Rule 4 and states a plausible claim for federal habeas relief. The Court therefore will direct the clerk to send Petitioner the appropriate form on which to submit a complete and proper amended petition containing the claims for which relief may be sought under 28 U.S.C. § 2254.

Petitioner is advised that any amended petition he files must be on the court-approved forms and must be complete in and of itself. That means that he may not simply refer in the amended petition to his initial petition to provide information nor may he attempt to incorporate by reference in the amended petition other filings with this Court. Any grounds for relief not included in the amended petition will not be considered part of this case. Petitioner must include the case number of this action (25-3221) on the first page of the amended petition.

For each ground for relief asserted in the amended petition, Petitioner must identify the federal or constitutional right he believes was violated, and he must allege sufficient supporting facts for each ground to allow the Court to determine whether he has stated a plausible claim for habeas relief. The required Rule 4 review of a federal habeas petition assists the Court in determining "whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citation omitted). This requires the allegations to be clear enough that the respondent will be able to address them.

If Petitioner submits an amended petition on the appropriate form, the Court will review it as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issue further orders. To the extent that the amended petition suffers the same deficiencies as the initial petition, the Court may dismiss it or parts of it without further prior notice to Petitioner. In addition, if Petitioner fails to timely file an amended petition, this matter will be dismissed without prejudice and without further prior notice to Petitioner.

Finally, the Court notes that in his response to the NOSC, Petitioner requests an extension of the deadline by which he must obtain his inmate account certificate and submit it to support his motion for leave to proceed in forma pauperis. (Doc. 5, p. 7.) The current deadline is November 13, 2025. (*See* Doc. 3.) At this point, the Court declines to extend the deadline, since it is still more than 2 weeks away. If Petitioner is unable to obtain his account certificate in time to submit it on or before November 13, 2025, he may renew his request for more time by filing a motion for extension of the deadline. In that motion, he must detail his efforts to obtain the certificate and explain why he has been unable to timely comply.

**IT IS THEREFORE ORDERED** that Dan Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **December 2, 2025**, to submit a complete and proper amended petition in this matter. If he fails to timely file an amended petition, this matter may be dismissed without prejudice and without further prior notice to Petitioner. If he timely files an amended petition, the Court will review it and issue further orders as necessary. The clerk is directed to provide Petitioner with the required form for filing an amended petition in this matter.

**IT IS SO ORDERED.**

DATED:   This 27th day of October, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge